# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHENEQUA MOSS,                :

    Plaintiff,            :

                                              Case No. 3:14cv00383

vs.                           :

                                              District Judge Walter H. Rice

CAROLYN W. COLVIN,            :    Magistrate Judge Sharon L. Ovington

Commissioner of the Social

Security Administration,      :

    Defendant.            :

# REPORT AND RECOMMENDATIONS[1]

## I.    Introduction

The Court previously entered Judgment in favor of Plaintiff and remanded this social security case to the Social Security Administration for further proceedings. (Doc. #s 18, 19). The case is presently before the Court on Plaintiff's Motion For Attorney Fees Under The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (Doc. #23), the Commissioner's Response (Doc. #24), Plaintiff's Reply (Doc. #25), and the record as a whole. Plaintiff seeks an award of attorney fees under the EAJA in the total amount of $7,007.83. The Government opposes the proposed EAJA award on the ground that its decision to defend Administrative Law Judge (ALJ) Elizabeth A. Motta's non-disability decision was reasonable and, therefore, substantially justified.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

## II. Discussion

### A. Substantial Justification

"The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action. The EAJA provision for fees specifies that 'a court shall award' attorney fees and other expenses to a prevailing party, including a Social Security claimant, in civil litigation against the United States government, 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (quoting, in part, 28 U.S.C. § 2412(d)(1)(A)) (other citations omitted). "The government's position is substantially justified if it is 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting, in part, *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

The Commissioner carries the burden to establish that her litigation position—supporting ALJ Motta's decision—was substantially justified. *Delong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014). The Commissioner may meet this burden by showing that her support of ALJ Motta's decision rested on "'a reasonable basis in both law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Pierce*, 487 U.S. at 565).

The Commissioner asserts that the EAJA is not an automatic fee-shifting statute and that a prevailing party is not presumed to be entitled to an EAJA award. These assertions are correct in the sense that a prevailing party's success in obtaining "'a remand alone is not

2

a proper basis for the allowance of fees and expenses under the EAJA.'" *Id*. at 726 (6th Cir. 2014) (brackets and citation omitted). Yet, upon deeper reflection, the lack of either automatic fee-shifting or a presumed entitlement to EAJA fees is minimally significant for two reasons. First, the Commissioner carries the burden to establish that her decision to support ALJ Motta's non-disability determination was substantially justified. *See id*. at 725-26. The absence of automatic fee-shifting or presumed entitlement to EAJA fees does not change or minimize her burden. Second, Magistrate Judge Stephanie K. Bowman has cogently and convincingly concluded:

> Precedent … supports the exercise of discretion in favor of award of EAJA fees in the vast majority of social security cases involving remands in the Sixth Circuit. *See, e.g., Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 724 (6th Cir. 2012) (discussing policy reasons in favor of the award of EAJA fees based upon remand orders alone); *see also, Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir. 2014) (reversing denial of EAJA fees as abuse of discretion where remand was based on substantive rather than procedural error, including a selective consideration of the evidence and errors that "were plainly contrary to law."); *Bass v. Colvin*, 120 F. Supp.3d 697 (N.D. Ohio 2015) (Commissioner's position opposing remand not substantially justified due to error-ridden RFC determination, notwithstanding court's rejection of some errors); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp.2d 667, 670 (W.D. Mich. 2011) (rejecting argument that based upon statement in opinion remanding that "there is medical evidence in this record that might support a finding of non-disability," because "to accept the Commissioner's reasoning would be inconsistent with the rule that a plaintiff who wins a Sentence Four remand is a 'prevailing party,' and thus entitled to EAJA fees, without regard to whether he or she ultimately prevails on remand."); *Pyatt v. Comm'r of Soc. Sec.*, 771 F. Supp.2d 891, 898-902 (S.D. Ohio 2011) (finding Commissioner's defense of clear procedural error, and alternative contention that the error was harmless, was not substantially justified).

*Stacey v. Comm'r of Soc. Sec.*, 2016 WL 3079130, at *4 (S.D. Ohio 2016), Report &

Recommendation adopted by *Stacey v. Comm'r of Soc. Sec.*, 2016 WL 3058298 (S.D. Ohio 2016) (Beckwith, D.J.).

The Commissioner contends that her decision to support ALJ Motta's decision was substantially justified because this Court agreed with one of the Commissioner's main arguments—namely, that substantial evidence supported the ALJ's weighing of treating physician Dr. Shaw's opinions. This contention lacks merit. The Commissioner's success in convincing both the undersigned judicial officer and District Judge Rice to accept the ALJ's assessment of Dr. Shaw's opinion falls short of establishing substantial justification. "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 569 (1988); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

The Commissioner also contends that although the Court found error in the ALJ's assessment of Plaintiff's credibility, the presence of this single error supports the Government's assertion of substantial justification. This contention understates the flaws District Judge Rice identified in the ALJ's decision. District Judge Rice found that the ALJ did not reasonably consider Plaintiff's daily activities. He explained:

> [A]lthough ALJ Motta purported to incorporate some of Plaintiff's subjective complaints of depression and anxiety into Plaintiff's RFC, Doc. #6-2, PAGEID #54, she did not adequately explain how she incorporated those complaints into her RFC limitations….

(Doc. #22, *PageID* #982). In addition to finding error in the ALJ's assessment of Plaintiff's credibility, District Judge Rice identified error in the ALJ's "fail[ure] to take into account

4

the limitations of those state agency examining and consulting psychologists to whom she gave deferential weight." (Doc. # 18, *PageID* # 962; Doc. #22, *PageID* # 980). He reasoned, "ALJ Motta's failure to build a logical bridge between the opinions and the RFC meant that the RFC was not supported by substantial evidence, and, thus, could not form the basis for a finding of non-disability." (Doc. #22, *PageID* # 983 (citations omitted)). And, Judge Rice explained further:

> Drs. Bonds, Hoyle and Lewin all opined that Plaintiff would do best in a setting where she could work alone, and that she could tolerate, at most, limited interactions with others. ALJ Motta did not adequately explain how such marked limitation were accounted for in an RFC that would require Plaintiff to interact with both coworkers and the general public for up to two hours per day. Similarly, the portion of the RFC limiting her to "simple, repetitive tasks … with no strict production quotas or fast pace," does not, on its face, incorporate Dr. Hoyle's opinion that Plaintiff was incapable of handling even a consistent pace.

(Doc. #22, *PageID* #985 (citations omitted)). Given such problems in ALJ Motta's decision, the Commissioner's view of her decision as contains a single error is incorrect.

The Commissioner raises the related argument that the ALJ reasonably found Plaintiff's daily activities were inconsistent with the alleged extent of her limitations. In support of this, the Commissioner relies on the Report and Recommendation's analysis. But, District Judge Rice rejected this part of the Report and Recommendations by expressly determining that the ALJ did not reasonably consider Plaintiff's daily activities. (Doc. #22, *PageID* # 981). The different analysis and conclusions between the Report and Recommendations and District Judge Rice's Decision "does not establish whether [the

5

Commissioner's] position was substantially justified." *Pierce*, 487 U.S. at 569 (1988); *see Howard*, 376 F.3d at 554.

Accordingly, for the above reasons, the Commissioner has not met her burden of showing that her position in support of ALJ Motta's decision was substantially justified.

**B.     Amount of EAJA Fees**

The Commissioner contends that Plaintiff's requested amount of EAJA fees should be reduced by purely administrative work performed by counsel. Such administrative work, according to the Commissioner, amounts to 4.25 hours or $799.55 in excessive fees. Plaintiff disputes each of the Commissioner's proposed reductions.

The Commissioner contends that the time entries for docketing performed by Plaintiff's counsel document a total of 1.5 hours of administrative tasks. Plaintiff counters that the entries highlighted by the Commissioner represent not mere docketing "but instead also include the filing of documents, the receipt/review of significant, substantive case materials such as the Answer, the administrative transcript, and documents related to service of process." (Doc. #25, *PageID* # 1026). Review of the six time entries challenged by the Commissioner during the time period in question (11/5/2014 to 1/16/2015) shows little, if any, information beyond docketing or related administrative tasks. The EAJA award should therefore be reduced by 1.5 hours or $282.20. *See Karns v. Astrue*, 2012 WL 1185990, at *3 (S.D. Ohio 2012) (Ovington, M.J.) Report & Recommendation adopted by *Karns v. Astrue*, 2012 WL 1463546 (S.D. Ohio 2012) (Rose, D.J.).

6

Plaintiff's EAJA award is not subject to a further .5-hour reduction for work done on 8/24/2015 related to the Commissioner's effort to obtain an extension of time. The Commissioner contends that the Government should not have to pay $90 to seek an extension of time. This overlooks that the effort to obtain an extension of time required Plaintiff's counsel to review the Commissioner's Motion to determine whether to oppose it. Yet, on 8/24/2105, Plaintiff's counsel also spent .25 hours in connection with the Notation Order related to the Commissioner's Motion for Extension of Time. Allocating fifteen minutes to reading the Notation Order was excessive when it should have reasonably taken counsel a matter of seconds, or certainly no more than a minute at most, to read the Notation Order. Her request for fees should therefore be reduced by .25 hours (or $45) for time spent reviewing the Notation Order.

Lastly, the Commissioner contends that the Government should not be charged with the purely clerical or secretarial tasks Plaintiff's counsel performed by writing nine letters to Plaintiff (on 11/5/14, 1/8/15, 3/9/15, 5/21/15, 7/21/15, 8/31/15, 10/28/15, 12/21/15, and 6/16/16). Rather than being purely clerical or secretarial, letters between counsel and Plaintiff are reasonably assumed to involve significant and/or privileged information. The time Plaintiff's counsel spent in connection with the letters was not excessive.

In sum, Plaintiff's total requested amount of EAJA fees $6,490.48 should be reduced by a total of 1.75 hours based on 1.5 hours or $282.20 ($188.13 x 1.5)(docketing work) plus .25 hour or $47 ($188 x .25)(excessive time reading Notation Order).

Accordingly, Plaintiff's EAJA award should be $6,098.28 ($6,490.48 – $392.20)

EAJA fees

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion For Attorney Fees Under the Equal Justice Act, 28 U.S.C. § 2412(d) (Doc. #23) be granted, in part, and denied, in part;

2. The Commissioner be ordered to pay Plaintiff's attorney fees in the total amount of $6,098.28; and

3. The case remain terminated on the docket of this Court.


April 11, 2017                          *s/Sharon L. Ovington*
                                                      Sharon L. Ovington
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).